IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN A. HOOVER, SR. and<br>HENRIETTA HOOVER,<br><br>      Plaintiffs,<br><br>vs.<br><br>RADIATOR SPECIALTY COMPANY;<br>AND UNITED STATES STEEL CORP.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.:_____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME Plaintiffs, John A. Hoover, Sr. and Henrietta Hoover, by and through their attorneys, Shrader & Associates, L.L.P., and for their cause of action against, Radiator Specialty Company and United States Steel Corporation, "Defendants," state as follows:

### VENUE, PARTIES AND JURISDICTION

This Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interest and costs.

Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district.

### ALLEGATIONS COMMON TO ALL COUNTS

1.    Defendants Radiator Specialty Company and United States Steel Corporation and are referred to collectively as "Defendants."

2. Plaintiffs John A. Hoover, Sr. and his wife Henrietta Hoover ("Plaintiffs") are residents of the State of Georgia. John A. Hoover, Sr. is presently residing at M.D. Anderson Cancer Center in Houston, Texas for the foreseeable future.

3. Defendant RADIATOR SPECIALTY COMPANY is a North Carolina Corporation doing business in Texas and may be served with process by serving the Texas Secretary of State for mailing to: Radiator Specialty Company, P. O. Box 34689, Charlotte, NC 28234.

4. Defendant, UNITED STATES STEEL CORPORATION, Individually, f/k/a United States Steel LLC, and f/k/a USX Corporation, is a Delaware Corporation doing business in the State of Texas and may be served with process through its registered agent for service, to wit: National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, TX 78028.

5. From 1953 - 1993 to present, John A. Hoover, Sr. worked as a laborer, carpenter, and millwright at numerous facilities throughout the United States and was exposed to products which included benzene as an ingredient or contaminant (hereinafter "benzene-containing products"), which were manufactured and/or sold by Defendants.

6. The aforesaid products and benzene-containing products manufactured and/or sold by Defendants include but are not limited to the following:

    (a) Defendant Radiator Specialty Company manufactured and sold Liquid Wrench.

    (b) Defendant United States Steel Corporation manufactured and/or sold Raffinate, which was used in Liquid Wrench.

7. John A. Hoover, Sr. was exposed to dangerous levels of benzene by working with and being exposed to the aforesaid products.

8. As a direct and proximate result of John Schaefer's exposure to benzene, he developed Acute Myelogenous Leukemia (AML).

9. John A. Hoover, Sr. was diagnosed with AML in July 2008.

## COUNT I – LIQUID WRENCH - NEGLIGENCE
### *(Defendant Radiator Specialty Company)*

10. Plaintiffs incorporate herein each allegation set forth above.

11. Defendant Radiator Specialty Company manufactured and/or sold Liquid Wrench, which contained benzene.

12. Defendant Radiator Specialty Company owed a duty to users of its products, breached that duty, and was negligent and failed to use ordinary care by eliminating the benzene.

13. As a direct and proximate result of the negligence of Radiator Specialty Company, John A. Hoover, Sr. used Liquid Wrench, and was exposed to dangerous levels of benzene, and developed AML, thereby suffering and incurring severe and permanent injury. John A. Hoover, Sr. sustained damages, including: past and future medical expenses, pain and suffering, past and future lost earnings, and all other applicable damages.

14. As a direct and proximate result of the negligence of Radiator Specialty Company, John A. Hoover, Sr.'s wife Henrietta Hoover has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support, and care of her husband.

WHEREFORE, Plaintiffs John A. Hoover, Sr. and Henrietta Hoover pray judgment against Defendant United States Steel Corporation in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT II –LIQUID WRENCH -NEGLIGENT FAILURE TO WARN
### *(Defendant Radiator Specialty Company)*

15. Plaintiffs incorporate herein each allegation set forth above.

16. Defendant Radiator Specialty Company manufactured and/or sold Liquid Wrench and which contained benzene.

17. Defendant Radiator Specialty Company owed a duty to users of its products, breached that duty, and was negligent and failed to use reasonable care, in that they failed to adequately warn of the presence of benzene in the products and failed to adequately warn of the harm associated with exposure to benzene.

18. As a direct and proximate result of the negligence of Defendant Radiator Specialty Company, John A. Hoover, Sr. used Liquid Wrench, was exposed to dangerous levels of benzene, and developed AML, thereby suffering and incurring severe and permanent injury. John A. Hoover, Sr. sustained damages, including: past and future medical expenses, pain and suffering, past and future lost earnings, and all other applicable damages.

19. As a direct and proximate result of the negligence of Defendant Radiator Specialty Company, the injuries and damages suffered by John A. Hoover, Sr., his wife Henrietta Hoover has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support and care of her husband.

WHEREFORE, Plaintiffs John A. Hoover, Sr. and Henrietta Hoover pray judgment against Defendant United States Steel Corporation in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT III –LIQUID WRENCH -STRICT LIABILITY/DEFECTIVE PRODUCT
### *(Defendant Radiator Specialty Company)*

20.     Plaintiffs incorporate herein each allegation set forth above.

21.     Defendant Radiator Specialty Company was the manufacturer and/or seller of Liquid Wrench and was engaged in the business of selling Liquid Wrench.

22.     Liquid Wrench was defective and unreasonably dangerous at the time it was sold, in that it contained dangerous levels of benzene.

23.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Liquid Wrench, John A. Hoover, Sr. used said Liquid Wrench, was exposed to dangerous levels of benzene, and developed AML, thereby suffering and incurring severe and permanent injury.  John A. Hoover, Sr. sustained damages, including: past and future medical expenses, pain and suffering, past and future lost earnings, and all other applicable damages.

24.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Liquid Wrench, and as the direct and proximate result of the injuries and damages suffered by John A. Hoover, Sr., his wife Henrietta Hoover has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support and care of her husband.

WHEREFORE, Plaintiffs John A. Hoover, Sr. and Henrietta Hoover pray judgment against Defendant United States Steel Corporation in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT IV –LIQUID WRENCH-STRICT LIABILITY/WARNING
### *(Defendant Radiator Specialty Company)*

25.  Plaintiffs incorporate herein each allegation set forth above.

26.  Defendant Radiator Specialty Company manufactured and/or sold Liquid Wrench and was engaged in the business of selling Liquid Wrench.

27.  The Liquid Wrench was defective and unreasonably dangerous at the time it was sold, in that it was not accompanied by adequate warnings of the presence of benzene in the products, nor adequate warnings of the risk of harm associated with exposure to benzene.

28.  As a direct and proximate result of the defective and unreasonably dangerous condition of the Liquid Wrench, Plaintiffs John A. Hoover, Sr. was exposed to dangerous levels of benzene, and developed AML, thereby suffering and incurring severe and permanent injury. John A. Hoover, Sr. sustained damages, including: past and future medical expenses, pain and suffering, past and future lost earnings, and all other applicable damages.

29.  As a direct and proximate result of the defective and unreasonably dangerous condition of the Liquid Wrench, and as a direct and proximate result of the injuries and damages suffered by John A. Hoover, Sr., his wife Henrietta Hoover has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support and care of her husband.

WHEREFORE, Plaintiffs John A. Hoover, Sr. and Henrietta Hoover pray judgment against Defendant United States Steel Corporation in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT V – REFFINATE AND LIQUID WRENCH - NEGLIGENCE
*(Defendant United States Steel Corporation)*

30. Plaintiffs incorporate herein each allegation set forth above.

31. Defendant United States Steel Corporation manufactured and/or sold Raffinate, which was used in Liquid Wrench, and which contained benzene.

32. Defendant United States Steel Corporation owed a duty to users of its products, breached that duty, and was negligent and failed to use ordinary care by eliminating the benzene contained in the Raffinate.

33. As a direct and proximate result of the negligence of Defendant United States Steel Corporation, John A. Hoover, Sr. used Liquid Wrench, containing Raffinate, and was exposed to dangerous levels of benzene, and developed AML, thereby suffering and incurring severe and permanent injury. John A. Hoover, Sr. sustained damages, including: past and future medical expenses, pain and suffering, past and future lost earnings, and all other applicable damages.

34. As a direct and proximate result of the negligence of Defendant United States Steel Corporation, John A. Hoover, Sr.'s wife Henrietta Hoover has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support, and care of her husband.

WHEREFORE, Plaintiffs John A. Hoover, Sr. and Henrietta Hoover pray judgment against Defendant United States Steel Corporation in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

### COUNT VI – RAFFINATE AND LIQUID WRENCH - NEGLIGENT FAILURE TO WARN
*(Defendant United States Steel Corporation)*

35. Plaintiffs incorporate herein each allegation set forth above.

36. Defendant United States Steel Corporation manufactured and/or sold Raffinate, which was used in Liquid Wrench and which contained benzene.

37. Defendant United States Steel Corporation owed a duty to users of its products, breached that duty, and was negligent and failed to use reasonable care, in that they failed to adequately warn of the presence of benzene in the products and failed to adequately warn of the harm associated with exposure to benzene.

38. As a direct and proximate result of the negligence of Defendant United States Steel Corporation, John A. Hoover, Sr. used Raffinate and Liquid Wrench, was exposed to dangerous levels of benzene, developed AML, thereby suffering and incurring severe and permanent injury. John A. Hoover, Sr. sustained damages, including: past and future medical expenses, pain and suffering, past and future lost earnings, and all other applicable damages.

39. As a direct and proximate result of the negligence of Defendant United States Steel Corporation, the injuries and damages suffered by John A. Hoover, Sr., his wife Henrietta Hoover has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support and care of her husband.

WHEREFORE, Plaintiffs John A. Hoover, Sr. and Henrietta Hoover pray judgment against Defendant United States Steel Corporation in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT VII – RAFFINATE AND LIQUID WRENCH - STRICT LIABILITY/DEFECTIVE PRODUCT
*(Defendant United States Steel Corporation)*

40. Plaintiffs incorporate herein each allegation set forth above.

41. Defendant United States Steel Corporation was the manufacturer and/or seller of Raffinate and Liquid Wrench and was engaged in the business of selling Raffinate and Liquid Wrench.

42. Raffinate and Liquid Wrench were defective and unreasonably dangerous at the time they were sold, in that they contained dangerous levels of benzene.

43. As a direct and proximate result of the defective and unreasonably dangerous condition of the Raffinate and Liquid Wrench, John A. Hoover, Sr. used said Raffinate and Liquid Wrench, was exposed to dangerous levels of benzene, and developed AML, thereby suffering and incurring severe and permanent injury. John A. Hoover, Sr. sustained damages, including: past and future medical expenses, pain and suffering, past and future lost earnings, and all other applicable damages.

44. As a direct and proximate result of the defective and unreasonably dangerous condition of the Raffinate and Liquid Wrench, and as the direct and proximate result of the injuries and damages suffered by John A. Hoover, Sr., his wife Henrietta Hoover has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support and care of her husband.

WHEREFORE, Plaintiffs John A. Hoover, Sr. and Henrietta Hoover pray judgment against Defendant United States Steel Corporation in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## COUNT VIII – RAFFINATE AND LIQUID WRENCH-STRICT LIABILITY/WARNING
*(Defendant United States Steel Corporation)*

45. Plaintiff incorporates herein each allegation set forth in paragraphs 1 through 10.

46. Defendant United States Steel Corporation manufactured and/or sold Raffinate and Liquid Wrench and was engaged in the business of selling Raffinate and Liquid Wrench.

47. The Raffinate and Liquid Wrench were defective and unreasonably dangerous at the time they were sold, in that they were not accompanied by adequate warnings of the presence of benzene in the products, nor adequate warnings of the risk of harm associated with exposure to benzene.

48. As a direct and proximate result of the defective and unreasonably dangerous condition of the Raffinate and Liquid Wrench, John A. Hoover, Sr. was exposed to dangerous levels of benzene, and developed AML, thereby suffering and incurring severe and permanent injury. John Schaefer sustained damages, including: past and future medical expenses, pain and suffering, past and future lost earnings, and all other applicable damages.

49. As a direct and proximate result of the defective and unreasonably dangerous condition of the Raffinate and Liquid Wrench, and as a direct and proximate result of the injuries and damages suffered by John A. Hoover, Sr., his wife Henrietta Hoover has suffered and will continue to suffer the loss of the society, consortium, companionship, love, affection, support and care of her husband.

WHEREFORE, Plaintiffs John A. Hoover, Sr. and Henrietta Hoover pray judgment against Defendant United States Steel Corporation in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

### COUNT IX – GROSS NEGLIGENCE
*(Defendants Safety-Kleen Systems, Inc., United States Steel Corporation, and Radiator Specialty Company)*

50. Plaintiff's incorporate herein each allegation set forth above.

51. The actions and inactions of all the Defendants, and or alternatively the employees or agents of Defendants, and their predecessors-in-interest, whether taken separately, or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in the damages sustained by Plaintiffs. More specifically, Defendants or alternatively the employee or agent of Defendants, and their predecessors-in-interest, consciously and/or deliberately engaged in fraud, wantonness and/or malice with regard to their products and end-users of their products, including John A. Hoover, Sr.

52. Defendants had actual awareness of the extreme degree of risk associated with exposure to Safety-Kleen solvent, Raffinate, and Liquid Wrench, and nevertheless proceeded with conscience indifference to the rights, safety, and welfare of John A. Hoover, Sr. by failing to act to minimize or eliminate these risks. Therefore, Defendants are guilty of gross negligence for which they should be held liability in punitive and exemplary damages to Plaintiffs.

### DAMAGES

As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the injuries and damages as set forth hereinabove.

### JURY DEMAND

Plaintiffs request a Jury Trial.

## PRAYER

For these reasons, Plaintiffs ask for judgment against Defendants for actual damages, pre-judgment and post-judgment interest, cost of suit, punitive damages, and all such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**SHRADER & ASSOCIATES, L.L.P.**

Keith E. Patton
Texas Bar No. 24032821
Robert E. Shuttlesworth
Texas Bar No. 24033184
1021 Main St., Suite 1450
Houston, TX 77002
Telephone: (713) 782-0000
Facsimile:   (713) 571-9605

**ATTORNEYS FOR PLAINTIFFS**